UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-23105-CIV-HUCK/SIMONTON

JOEL HAKIM STACO, an individual,
AMANEI DEVOT, an individual,

    Plaintiffs,
vs.

MIAMI-DADE COUNTY, a political subdivision,
J. ZANCONATO, an individual,
H. TABARES, an individual,
JANE DOE, an individual,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS COMPLAINT

THIS CAUSE is before the Court on Defendant Miami-Dade County's Motion to Dismiss Complaint [D.E. #3], filed December 3, 2007, and Defendants Zanconato and Tabares' Motion to Dismiss Complaint [D.E. #25], filed January 31, 2008. The Court has reviewed these motions, Plaintiffs' responses, and Defendants' replies, and is otherwise duly advised in the premises. For the reasons discussed herein, Defendants' Motions to Dismiss are GRANTED, and this case is DISMISSED WITHOUT PREJUDICE.

### PROCEDURAL AND FACTUAL BACKGROUND[1]

On October 28, 2005, at approximately 10:05 p.m., Miami-Dade police officers J. Zanconato and H. Tabares arrested Plaintiffs Joel Hakim Staco and Amanei Devot for a residential burglary that was believed to have occurred between 9:30 p.m. and 10:01 p.m. that night. *Compl. at ¶¶10-11.*

---

[1] This factual background is derived from Plaintiffs' Complaint, as the factual allegations in a complaint must be taken as true when reviewing a defendant's motion to dismiss.

According to the arrest report, Plaintiffs' arrest was based on the testimony of two witnesses who told the officers that they observed Plaintiffs and a third individual, Eduardo Rojas, walk around to the front of the victim's residence and enter the rear patio between the times the burglary allegedly occurred. *Compl. at Ex. A.* Mr. Rojas, whom the victim identified and whom the officers observed leaving the residence with socks on his hands, later provided a written statement regarding his involvement in the crime. *Id.* Plaintiffs were charged with the crimes of Unoccupied Residential Burglary and Grand Theft under Florida law, but those charges were later nolle prosequi by the State of Florida. *Compl. at ¶16-17.*

Plaintiffs have submitted an affidavit from a restaurant waitress which attests that both Plaintiffs were dining at her restaurant between approximately 8:00 p.m. and 9:27 p.m. on the night of October 28, 2005, *Compl. at Ex. B*, as well as an affidavit from a convenient store manager who states that security cameras recorded "Micheline Paul and daughter Anabelle Devot"[2] in his store between 9:31 and 9:34 p.m. that night, *Compl. at Ex. C.*

On November 1, 2007, Plaintiffs Staco and Devot brought suit in the Circuit Court of the Eleventh Judicial Circuit of Florida against Miami-Dade County (the "County") and Officers Zanconato and Tabares for claims allegedly arising out of their arrest.[3] Specifically, the Complaint includes the following claims: negligence against the County under the principle of respondeat superior, negligent hiring by the County, negligent supervision by the County, violation of Plaintiffs'

---

[2] The waitress' affidavit indicates that Anabelle Devot and Plaintiff Amanei Devot are different individuals. The relevance of the convenient store manager's affidavit, which refers only to Anabelle, is therefore unclear.

[3] The Complaint also lists Jane Doe, the informant, as a defendant. However, no cause of action has been alleged against Jane Doe.

Fourteenth Amendment rights by Officers Zanconato and Tabares, and negligence by Officers Zanconato and Tabares.

On November 29, 2007, the County filed a Notice of Removal based on this Court's jurisdiction under 28 U.S.C. §§1331, 1343 [D.E. #1]. On December 3, 2007, the County filed a Motion to Dismiss the Complaint with Prejudice [D.E. #3]. Officers Zanconato and Tabares, who were not served until January 29, 2008, filed a Motion to Dismiss the Complaint with Prejudice on January 31, 2008 [D.E. #25]. Plaintiffs having responded to each of the Motions, and Defendants having replied, the Motions to Dismiss are now fully briefed and ripe for resolution.

## STANDARD OF REVIEW

In reviewing a motion to dismiss, a court must assume that the allegations in the complaint are true, and must view all facts and inferences in the light most favorable to the nonmoving party. *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005). Dismissal is only appropriate "when the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002).

Under the notice pleading standard, to survive a motion to dismiss, a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (interpreting Fed. Rule Civ. Pro. 8(a)(2)). That statement must contain factual allegations which are "enough to raise a right to relief above the speculative level." *Id.* at 1965. While that standard allows a plaintiff considerable leeway in framing a complaint, it has been tightened in suits where qualified immunity is at issue. *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998). The plaintiff in a qualified immunity case must "allege with some specificity the facts

which make out its claim." *Id*. This heightened pleading standard is important because the court in a qualified immunity case must determine whether the individual defendant's actions violated a "clearly established" constitutional right. *Id*.

Finally, a claim can be dismissed where a plaintiff pleads facts or makes admissions that demonstrate that a defense is applicable on the face of the pleadings. *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1022 (11th Cir. 2001); *see e.g., Mohammed v. United States*, 2007 WL 4557145, at *2-3 (S.D. Fla., Dec. 21, 2007) (finding probable cause on face of the complaint and dismissing case under Rule 12(b)(6)). Indeed, where the defense of qualified immunity is involved, the defense "must be resolved at the earliest possible stage of litigation" because it is "an entitlement not to stand trial or face the other burdens of litigation." *Gonzalez v. Reno*, 325 F.3d 1228, 1233 (11th Cir. 2003) (granting motion to dismiss based on qualified immunity).

## **DISCUSSION**

### I.    Plaintiffs' Federal Claims Against Officers Zanconato and Tabares

#### A.    Plaintiffs' federal claims were improperly pled and will be treated as having been brought under § 1983.

Plaintiffs' Complaint alleges that Officers Zanconato and Tabares violated their rights under the U.S. Constitution because their arrest was arbitrary and unreasonable and deprived them of due process of law.[4] However, Plaintiffs cannot bring suit against the officers directly under the Constitution because Congress has provided a statutory remedy in 42 U.S.C. § 1983 for

---

[4] Plaintiffs' Complaint refers to the Fourteenth Amendment. It is the Fourth Amendment, rather than the Fourteenth Amendment, which protects citizens from unreasonable searches and seizures, including unreasonable arrests. *Wood v. Kessler,* 323 F.3d 872, 880, n.14, n.15 (11th Cir. 2003). The Fourth Amendment has been incorporated against the states by the Fourteenth Amendment. *Garrett v. Athens-Clarke County, Ga.*, 378 F.3d 1274, 1279 n.9 (11th Cir. 2004).

claims of unlawful arrest against police officers, and actions can be brought under the Constitution directly only with some allegation that that statutory remedy is inadequate. *See Williams v. Bennett,* 689 F.2d 1370, 1390 (11th Cir. 1982) ("When Congress has provided an adequate alternative remedial scheme, which is intended to be a substitute for direct recovery under the constitution, a Bivens-type action is inappropriate."). Because Plaintiffs have failed to allege why the statutory remedy in § 1983 would have been inadequate, they cannot bring suit directly under the Constitution. Therefore, this Court will treat Plaintiffs' federal claims as having been brought under § 1983. *See Bell v. Houston County, Ga.,* 2006 WL 1804582 at *1 (M.D.Ga., June 27, 2006) (treating claims against a police officer that were brought directly under the Constitution as § 1983 claims even though that statute was nowhere mentioned in the complaint); *Von Grabe v. Fleming,* 2006 WL 2640640 at *7 (M.D.Fla., Sept. 14, 2006) (same).

> **B.** **Plaintiffs' federal claims fail because the officers had at least arguable probable cause for the arrest.**

Treating Plaintiffs' federal claims against the officers as properly pled under § 1983, this Court finds that the existence of arguable probable cause on the face of Plaintiffs' Complaint bars recovery.

> **1.** **Officers Zanconato and Tabares are entitled to qualified immunity if they had arguable probable cause to arrest Plaintiffs.**

The affirmative defense of qualified immunity protects public actors from liability unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Al-Amin v. Smith,* 511 F.3d 1317, 1324 (11th Cir. 2008). In order to receive qualified immunity in a § 1983 action, the defendants must prove that they were acting within the scope of their discretionary authority when the allegedly wrongful act occurred. *Id*. In

this case, the officers' arrest of Plaintiffs was clearly a discretionary function, falling within the scope of qualified immunity. *See Crosby v. Monroe County*, 394 F.3d 1328, 1332 (11th Cir. 2004) (noting that an officer making an arrest is performing a discretionary function within his official responsibilities).

"Once a government official establishes that he was acting within the scope of his discretionary authority, the burden shifts to the plaintiff." *Id*. An officer acting within the scope of his authority will be entitled to qualified immunity if his actions were objectively reasonable. *GJR Invs., Inc.*, 132 F.3d at 1366. In determining whether the arrest in this case was objectively reasonable, thereby triggering qualified immunity, the issue is whether the officers had arguable probable cause. *See Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002) (explaining that "arguable probable cause... is all that is required for qualified immunity to be applicable to an arresting officer"). "Arguable probable cause" is a lower standard than actual probable cause and only requires that "under all of the facts and circumstances, an officer reasonably could – not necessarily would – have believed that probable cause was present." *Crosby*, 394 F.3d at 1332.

    **2.**    **Based on facts in Plaintiffs' Complaint, Officers Zanconato and Tabares had at least arguable probable for the arrest.**

Based on the facts and circumstances confronting these particular officers as described in Plaintiffs' Complaint, this Court finds that the officers' conduct was objectively reasonable and that they had at least arguable probable cause to arrest Plaintiffs.

Plaintiffs state that a third party, identified in the complaint as Jane Doe, made uncorroborated accusations that led to their arrest. However, the arrest report, which Plaintiffs attached to their Complaint, indicates that two witnesses had identified Plaintiffs as two of the three individuals who walked in front of the victim's residence and entered the rear patio during

6

the time period in which the burglary allegedly occurred. Plaintiffs have not presented facts that would have made these witnesses inherently unreliable. Rather, Plaintiffs have offered only conclusory statements that the officers failed to conduct a reasonable investigation, neglectfully ignored evidence, and relied on "fishy" witness testimony. No evidence has been offered to support those statements. Plaintiffs' Complaint does present some evidence that is intended to prove an alibi for this crime.[5] It is unclear, but irrelevant, whether this alleged alibi was presented to the officers at the time of the arrest. Once the officers received the statements of the burglary victim and the two witnesses, they had at least arguable probable cause to arrest Plaintiffs. Although the officers had a duty to conduct a reasonable investigation, they had no duty to investigate Plaintiffs' alleged alibis. *See Williams v. City of Homestead*, *Fla.*, 206 Fed. Appx. 886, 889 (11th Cir. 2006) (holding that a police officer is under no obligation to credit a suspect's explanation or alibi); *Rankin v. Evans*, 133 F.3d 1425, 1435-36 (11th Cir. 1998) (holding that "[i]n order to establish the probable cause necessary to make a valid arrest, ... it is not necessary to eliminate all possible defenses"). Plaintiffs have failed to present any evidence that should have led a reasonable officer in this situation to believe that there was not probable cause to arrest these individuals based on the testimony of the victim and the witnesses.

Plaintiffs rely on *Barton Protective Servs., Inc. v. Faber*, in which a jury found that the officers who arrested two mall patrons lacked probable cause for that arrest. 745 So.2d 968 (Fla. Dist. Ct. App. 1999). However, the facts in *Faber* are notably different than the facts in this

---

[5] Plaintiffs' Complaint presents no evidence as to Plaintiffs' whereabouts after 9:25 p.m. on the evening of the crime, and their Complaint states that the crime occurred between 9:30 and 10:01 p.m. Nevertheless, for the reasons discussed above, the sufficiency or insufficiency of this later-introduced evidence is not at issue in the determination of whether the officers had arguable probable cause based on what they knew or should have known at the time of the arrest.

case. In *Faber*, there was no evidence that an actual crime had been committed. The arrested individuals in that case were simply "walking briskly" through a mall when they were detained by mall security guards. *Id.* at 970-71. The guards called the police, and the arriving officers immediately physically and verbally abused the individuals and then arrested them without making even a minimal inquiring into the situation. *Id.* at 973. In contrast, in this case a victim had come forward regarding a burglary, and two witnesses identified Plaintiffs as having gone in and out of the burglarized residence during the short time period in which the crime allegedly occurred. Officers Zanconato and Tavares relied on the testimony of those witnesses and the victim, and Plaintiffs have offered no evidence to indicate that such reliance was unreasonable. Furthermore, the court in *Faber* appears to have applied the probable cause standard and not the lower arguable probable cause standard that is applicable here.[6] Plaintiffs have offered no other case as evidence that the officers here did not have arguable probable cause to arrest.

    Finally, Plaintiffs point to the fact that the charges against them were nolle prosequi by the State of Florida as evidence of a lack of probable cause for their arrest. *Plaintiffs' Response to Officers Zanconato and Tavares' Motion to Dismiss* [D.E. #27], filed February 11, 2008, at 6-7. However, the fact that criminal charges against a suspect are eventually dismissed is "of no consequence" to a probable cause determination. *L.S.T., Inc. v. Crow*, 49 F.3d 679, 685 (11th Cir. 1995); *see also United States v. Lindsey*, 482 F.3d 1285, 1291 (11th Cir. 2007) (explaining

---

[6] Even if *Faber* were applicable in this case, under the heightened pleading requirement applied in qualified immunity cases, Plaintiffs must point to binding case law that existed at the time of the arrest which placed the officers on notice that their actions violated clearly established law. *See Al-Amin,* 511 F.3d at 1324. As *Faber* is not a decision from the Florida Supreme Court, it does not demonstrate clearly established law. *See Thomas ex rel. Thomas v. Roberts*, 323 F.3d 950, 955 (11th Cir. 2003) ("[O]nly Supreme Court cases, Eleventh Circuit caselaw, and [the applicable state's] Supreme Court caselaw can 'clearly establish' law in this circuit.").

that probable cause does not require the same "standard of conclusiveness and probability as the facts necessary to support a conviction").

Because the Court finds that there was at least arguable probable cause to arrest Plaintiffs, the doctrine of qualified immunity bars Plaintiffs' federal claims against the officers.

## II.     Plaintiffs' State Law Negligence Claims

All other claims in Plaintiffs' Complaint are state law negligence claims. Although this Court has the power to exercise supplemental jurisdiction over these state law claims under 28 U.S.C. § 1367(a), a district court may nonetheless decline to exercise supplemental jurisdiction otherwise within its power over a claim under subsection (a) if -

1. the claim raises a novel or complex issue of State law,

2. the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

3. the district court has dismissed all claims over which it has original jurisdiction, or

4. in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). With this Order, the Court has dismissed Plaintiffs' federal claims, which are the only claims over which it had original jurisdiction. Pursuant to 28 U.S.C. § 1367(c)(3), the Court, in its discretion, declines to exercise supplemental jurisdiction over the remaining state law claims in the absence of a viable federal claim.

## **CONCLUSION**

For the reasons discussed above, Defendants' Motions to Dismiss Complaint [D.E #3, D.E. #25] are GRANTED. It is ORDERED AND ADJUDGED that this case is DISMISSED WITHOUT PREJUDICE. If Plaintiffs wish to file an amended complaint, they may do so on or

before **Wednesday, March 12, 2008.** If Plaintiffs fail to file an amended complaint by March 12, 2008, the Court will instruct the Clerk of the Court to mark this case CLOSED, at which time the Plaintiffs will be free to file their state claims in state court.

DONE AND ORDERED in Chambers, Miami, Florida, this 26th day of February, 2008.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
All Counsel of Record